**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA/**
**INTERNAL REVENUE SERVICE**,

      Petitioners,

                                           **Civil No. 12mc18 JCH**

  vs.

**DANIELLE SMIT**,

      Respondent.

<u>**ORDER ENFORCING SUMMONS**</u>

      **THIS MATTER** came before the Court on Petitioners' *Petition to Enforce IRS Summons,* filed January 24, 2012 (Doc. 1); on pro se Respondent Danielle Smit's *Motion to Quash Petition to Enforce IRS Summons and to Vacate Order to Show Cause,* filed March 19, 2012 [Doc. 9]; on Smit's *Motion for Defense and Bar,* filed July 10, 2012 [Doc. 29]; and on her *Motion for Admission of Evidence Pursuant to Federal Rules of Evidence Rule 902 and Rule 201 Federal Rules of Civil Procedure,* filed July 10, 2012 [Doc. 30].

      The Court held a hearing on July 12, 2012.  Having reviewed the Petition and attached affidavits, *see* Doc. 1 & Ex. A with attachments & Ex. B, the Court concludes that Petitioners have established their right to enforcement of the summons.  The Petitioners have demonstrated through the sworn testimony of Revenue Officer Brian Rossell that the IRS has not made a referral of Smit's case to the Justice Department for criminal prosecution and that the IRS

> is proceeding in good faith by demonstrating: (1) that the investigation will be conducted pursuant to a legitimate purpose; (2) that the inquiry will be relevant to that purpose; (3) that the information sought is not already in the possession of the IRS; and (4) that the summons was issued in compliance with the administrative steps required by the Internal Revenue Code.

*Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987) (citing *United States v. Powell*, 379

U.S. 48, 57-58 (1964)).  By the testimony and affidavits of its Revenue Officer and process server,

Petitioners have shown that appropriate administrative steps have been followed, including proper

service of the administrative summons under 26 U.S.C. § 7603(a).  The Petitioners having met their

burden, which is "slight," the burden shifted to Ms. Smit "to show that enforcement of the summons

would "constitute an abuse of the court's process," or that the IRS lacks "institutional good faith."

*Anaya*, 815 F.2d at 1377 (internal quotations omitted); *United States v. Wankel*, No. 11-2100, 2012

WL 1094831, *2 (10th Cir. Apr 3, 2012) (accord) (unpublished).

   Ms. Smit, who contends she is a not a taxpayer[1], *see* Doc. 8 at 6, presented nothing to support

either defense.  She filed no sworn affidavits for herself[2], and she argued at the hearing only that she

did not receive a form 23C notice of assessment despite her requests for one, and that the

administrative summons does not have an OMB number.

   The affidavit signed by Antonio Gutierrez, Ms. Smit's friend, is not relevant to the four

---

[1]  This is a popular tax-protester statement that has been rejected time and again.  *See Lam v. C.I.R.*, No. 87-2720, 1991 WL 88533, * 3 (10th Cir. May 23, 1991) ("All taxpayers with taxable income are generally required by law to file Federal income tax returns.  Section 6012.  Under sections 6651 and 7203, taxpayers who fail to file returns may be subject to civil additions to the tax and prosecution for criminal offenses.  Therefore, the matter of filing tax returns and paying taxes is not voluntary.  Petitioner has no right to "opt out" or elect "nontaxpayer" status as he claims.").  Thus, the fact that Ms. Smit admits she refuses to pay taxes does not mean that she is not subject to the tax laws.

[2]  Unsworn statements made in briefs are not evidence.  *See United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985) ("In responding to the Government's showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit.  Legal conclusions or mere memoranda of law will not suffice.") (internal quotation marks omitted).  Ms. Smit asserts in a brief that the United States does have her financial information in its possession because it has the W-2 forms her former employer supplied.  *See* Doc. 8 at 6.  The summons, however, requires Ms. Smit to supply much more information than what one employer paid her.  And although she states that she has no financial records in her "possession," that does not mean that she does not have access to, or control over, records that may be in the possession of another person or entity.

*Powell* factors and only supports his opinion that, because an IRS hearing officer at a collections "due process hearing" did not give Ms. Smit satisfactory and "verifiable" answers to her "Enumerated List of Questions," Ms. Smit was not provided due process.  Doc. 9, Ex. E at 4.  In support, Mr. Gutierrez complains that the IRS hearing officer would not let Ms. Smit tape record the hearing, at which Ms. Smit was to appear to schedule payments for past-due taxes, and that the officer failed to sufficiently respond to Ms. Smit's demands that the officer prove to her "just how it was that the IRS Commissioner arrived in making a decision that there was a legal basis to determine [Ms. Smit] was required to file a Return and made liable for a federal income tax;" "who . . . authorized the IRS to make such an assessment;" and who "authorized the subsequent filing" of a tax lien on Ms. Smit's property.  Doc. 9, Ex. E at 1-4.

The only arguments Ms. Smit makes that could possibly tangentially relate to proper service of process and forms are that the Collection of Information Forms do not have "OMB approval numbers" and therefore do not comply with the Paperwork Reduction Act.  Doc. 29 at 1; Doc. 30 at 1-2.  Those arguments are frivolous and have been long rejected.  *See Lonsdale v. United States*, 919 F.2d 1440, 1444-45 (10th Cir. 1990) (holding that "the Paperwork Reduction Act is inapplicable to 'information collection request' forms issued during an investigation against an individual to determine his or her tax liability" and specifically rejecting argument that those forms must contain an OMB number).  The remaining legal arguments Ms. Smit makes are tax-protester gibberish directed at the validity of the tax laws or their application to her.  *See, e.g.,* Doc. 31 at 5 (arguing that tax "law is applicable upon citizens or residents of the United States, not Common Law American Citizens having no nexus to the United States").  They do not rebut the Petitioners' proof and are

frivolous.  *See, e.g.*, *Nyhus v. C.I.R.*, No. 3094, 1980 WL 1233 at *1 (Minn. Tax Dec. 01, 1980)[3];

and have been repeatedly rejected by the courts.  Ms. Smit's motion to quash similarly is principally

aimed at challenging the applicability of the tax laws to her; asking whether she was properly

assessed or levied; asking whether the 1040 returns she refused to file had valid OMB numbers, and

complaining that she has not been provided with Form 23C.  Besides the fact that her frivolous

arguments all have been soundly rejected, *see Wheeler v. Comm'r*, 528 F.3d 773, 777 (10th Cir.

---

[3]   The Court in *Nyhus* rejected similar reliance on *Edwards v. Keith*, which Ms. Smit cites
in support of her contention that her income is not taxable, *see* Doc. 31 at 10, stating,

> [a]ppellants advance the argument that Mr. Nyhus did not receive any income in
> 1976 because the case of *Edwards v. Keith*, 231 F. 110 (2nd Cir. 1916) contains the
> statement that 'one does not "derive income" by rendering services and charging for
> them.'  However, the statement relied on by appellants is taken out of context.  The
> court in *Edward v. Keith* was addressing the question of when one must report his
> income if he earns it in one year and is paid in a different year.  The case reaffirms
> that all compensation for services is income when received.

1980 WL 1233 at *1.

2008)[4]; *Lonsdale*, 919 F.2d at 1447-48[5]; *Goodman v. United States*, No. 05-1440, 185 Fed. App'x.

---

[4]  In *Wheeler*, the Tenth Circuit noted:

The very first section of the Internal Revenue Code, 26 U.S.C. § 1, imposes an income tax on the taxable income of every citizen or resident of the United States. *See* 26 U.S.C. § 1; 26 C.F.R. § 1.1–1(a)(1).  "Taxable income" is gross income minus allowable deductions, 26 U.S.C. § 63(a), and "gross income" is "all income from whatever source derived," *id.* § 61(a).  We have held that an argument that "no statutory authority exists for imposing an income tax on individuals" is "completely lacking in legal merit and patently frivolous."  *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *see also Charczuk v. Comm'r*, 771 F.2d 471, 472 (10th Cir. 1985) (holding that the argument that there is no law or statute that imposed an income tax on taxpayer was "meritless and unreasonable").

528 F.3d at 776-77.

[5]  In *Lonsdale*, the Tenth Circuit held that

the following arguments . . . are completely lacking in legal merit and patently frivolous: (1) individuals ("free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.") are not "persons" subject to taxation under the Internal Revenue code; (2) the authority of the United States is confined to the District of Columbia; (3) the income tax is a direct tax which is invalid absent apportionment, and *Pollock v. Farmers' Loan & Trust Co*., 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759, *modified*, 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108 (1895), is authority for that and other arguments against the government's power to impose income taxes on individuals; (4) the Sixteenth Amendment to the Constitution is either invalid or applies only to corporations; (5) wages are not income; (6) the income tax is voluntary; (7) no statutory authority exists for imposing an income tax on individuals; (8) the term "income" as used in the tax statutes is unconstitutionally vague and indefinite; (9) individuals are not required to file tax returns fully reporting their income; and (10) the Anti-Injunction Act is invalid.

To this short list of rejected tax protester arguments we now add as equally meritless the additional arguments made herein that (1) the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority, lack of publication of delegations of authority in the Federal Register, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and (2) tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they have not been

725, 728, 2006 WL 1689226, *3 (10th Cir. June 21, 2006)[6], a summons-enforcement action is not

the place to raise such arguments.

> A taxpayer cannot use a summons enforcement proceeding as a forum in which to contest the validity of the underlying assessments. *See, e.g., United States v. Mueller*, 930 F.2d 10, 12 (8th Cir. 1991) (challenge to underlying assessments improper in hearing to enforce summons issued in aid of collection); *United States v. Harper*, 662 F.2d 335, 336 (5th Cir. 1981) ("The validity of an assessment may not be challenged in a summons enforcement proceeding."). Instead, there are specific procedures available for testing the validity of a taxpayer's liability. *See generally* 26 U.S.C. 6213, 7422, 7429.

*United States v. Heck*, No. 93-3310, 1994 WL 170766, *2 (10th Cir. May 5, 1994).  Thus, the

"evidence" that Ms. Smit seeks to have admitted in Document 30 is irrelevant to these proceedings.

  **IT IS ORDERED** that the *Petition to Enforce IRS Summons* [Doc. 1] is GRANTED; and

the *Motion to Quash* [Doc. 9], the *Motion for Defense and Bar* [Doc. 29], and the *Motion for*

---

  published in the Federal Register.

919 F.2d at 1448.

  [6]  In *Goodman*, the Tenth Circuit noted:

  Until its transition to computerized recordkeeping, the IRS generally used Form 23C for the summary record of assessment, but it now uses a computer-generated summary record of assessment known as the RACS 006. Both forms have been recognized as summary records of assessment within the meaning of I.R.C. 6203 by this court. *March v. IRS*, 335 F.3d 1186, 1188 (10th Cir. 2003); *see also Roberts v. Comm''*, 329 F.3d 1224, 1228 (11th Cir. 2003).

  IRS Form 4340, Certificate of Assessments and Payments, also has been deemed to satisfy the requirements of I.R.C. 6203 and Treasury Regulation. 301.6203-1. This court and others have held that Form 4340 provides "all of the information required under Treasury Regulation 301.6203-1," because it identifies the taxpayer, informs him of the character of the liability assessed, the tax periods giving rise to the assessment, and the amount of the assessment. *Taylor*, 69 F.3d at 419; *see also March*, 335 F.3d at 1188; *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992).

185 Fed. App'x. at 728.

*Admission of Evidence* [Doc. 30] are DENIED.

    **IT IS FURTHER ORDERED** that Danielle Smit shall contact IRS Officer Brian Rossell

at the Santa Fe IRS Office at 2945 Rodeo Park Dr. East, Santa Fe, New Mexico, phone number 505-

424-5973, and provide the information sought in the administrative summons contained in

Document 1 in this case within fourteen days of the filing of this Order[7].  Ms. Smit is strongly

cautioned that failure to timely and fully comply with this Order will result in the Court issuing,

without further notice, a warrant for her immediate arrest  for civil contempt of court by the United

States Marshal for this District, or by any of his deputies; and that Ms. Smit may be held until such

time as she can appear before this Court to show cause why she failed to comply with the direct

order of this Court[8].  The Court will not grant a stay of Ms. Smit's duty to obey this Order even if

Ms. Smit files an interlocutory appeal, and the Court also cautions Ms. Smit that the Tenth Circuit

---

    [7]  Because Ms. Smit stated that she would be out of town until July, 30, 2012, the Court provided a room so that she could immediately meet with Mr. Rossell to provide the information requested in the summons.

    [8]  *See* 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, ... as ... (3)[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."); *United States v. Ford*, 514 F.3d 1047, 1047-53 (10th Cir. 2008) (affirming this Court's orders holding the respondent in contempt and ordering him to be held in federal custody until he complied with the summons in case in which tax protester made many of the same arguments as Ms. Smit while refusing to obey IRS summons); *Ford v. Pryor*,  552 F.3d 1174, 1177-80 (10th Cir. 2008) (rejecting tax protester's arguments that this Court "erred in denying his petition for a writ of mandamus because (1) he was never informed of the date of the assessment or the date the assessment was signed by an assessment officer; (2) there was no date of original assessment, even though he demanded assessments for ten years; (3) the Summary Record Assessment did not contain 'any information as to what type of tax debt [he] has incurred ... or what kind of activity created this debt or at what point in time,'; . . .  (4) on the Summary Record Assessment his name was typed in all capital letters and included his social security number, which he had relinquished; (5) the Form 4340 provided to him was inadequate for the reasons stated in his arguments (1) through (4); and (6) he was denied discovery and a hearing," and rejecting his arguments that this Court "lacked jurisdiction over him because his residence in New Mexico was not within a federal enclave and therefore he did not receive remuneration from within the United States").

Court of Appeals may impose financial sanctions if she chooses to file a frivolous appeal[9].

Signed this 13th day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[9]    *See*, e.g., *Ford,*  552 F.3d at 1180 (imposing $8,000 in sanctions for having filed a frivolous appeal regarding refusal to comply with IRS summons); *Smith v. C.I.R.*, Nos. 04-9009, 04-9010, 160 Fed. App'x 666, 670 (10th Cir. Dec. 6, 2005) (unpublished) (imposing $6,000 in sanctions against tax protestor for "blatant waste of judicial time and resources"); *Lonsdale*, 919 F.2d at 1448 (imposing sanctions and awarding double costs against tax protestor who raised frivolous arguments in his complaint filed in district court); *Casper v. C.I.R.*, 805 F.2d 902, 906 (10th Cir. 1986) (affirming Tax Court's award against protestor of $5000 for filing and maintaining a factually groundless and legally frivolous complaint and imposing additional sanctions of $1500 for filing frivolous appeal).